**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**v.**                                    CIVIL ACTION NO:  3:23CV-303-CHB
                                                     *Electronically filed*

**ALL FUNDS, MONIES, AND OTHER**
**THINGS OF VALUE STORED IN OR**
**ACCESSIBLE AT BINANCE**
**CRYPTOCURRENCY EXCHANGE,**
**ASSOCIATED WITH USER ID NUMBER**
**xxxxxxxxxxxxxx2020, BINANCE USER ID:**
**xxxxx4010 AND THE NAME OF WANG-LU.**                     **DEFENDANT**

**VERIFIED COMPLAINT**
**FOR FORFEITURE IN REM**

        The United States of America, by counsel, Michael A. Bennett, United States Attorney for

the Western District of Kentucky, Amy M. Sullivan, Assistant United States Attorney, of counsel,

brings this complaint and alleges as follows:

**NATURE OF THE ACTION**

        1.        This is an action to forfeit and condemn to the use and benefit of the United States

of America the following property:  All funds, monies and other items of value stored in or

accessible at Binance Cryptocurrency Exchange, associated with User ID number

xxxxxxxxxxxxxx2020, Binance User ID: xxxxx4010, and the name of Wang-Lu.

**JURISDICTION AND VENUE**

        2.        Plaintiff brings this action in rem in its own right to forfeit and condemn the

defendant property under 18 U.S.C. §§ 981(a)(1)(A) and (C).  This Court has jurisdiction over

forfeiture actions commenced by the United States pursuant to 28 U.S.C. § 1345 and 28 U.S.C. §

1355(a).

3.      This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b).  Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in this district.

### THE DEFENDANT IN REM

5.      The defendant is:  All funds stored in or accessible at Binance associated with User ID number xxxxxxxxxxxxxx2020, the Binance User ID: xxxxx4010, in the name of Wang-Lu.  On or about February 20, 2023, United States Secret Service Special Agent J. Blake Carter executed a federal seizure warrant upon Binance, and on or about March 21, 2023, Binance transferred the funds, which are currently being held in the Seized Asset Deposit Fund in Washington, D.C.

### THE LAW

6.      Pursuant to 18 U.S.C. § 1343, it is unlawful to devise or intend "to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice . . .".

7.      Pursuant to 18 U.S.C. § 1349, it is unlawful to attempt or conspire to commit a violation of 18 U.S.C. § 1343.

8.      Pursuant to 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of [a federal money laundering offense, 18

U.S.C. § 1956], or any property traceable to such property" is subject to forfeiture to the United States.

9.  Pursuant to 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting a 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense" are subject to forfeiture to the United States.

10.  Pursuant to 18 U.S.C. § 1956 (a)(1) it is unlawful to knowingly conduct or attempt to conduct a "financial transaction" with proceeds from "specified unlawful activity" (SUA) with specific intent to: promote the SUA, conceal or disguise the source, origin, nature, ownership, or control of the proceeds; evade reporting requirements; or evade taxes. 18 U.S.C. § 1956(h) prohibits conspiracies to commit money laundering.

11.  Pursuant to 18 U.S.C. § 1956(c)(7) and 18 U.S.C. § 1961(1)(B), wire fraud (violations of 18 U.S.C. §§ 1343 and 1349) constitutes a specified unlawful activity.

12.  Pursuant to 18 U.S.C. § 984, the United States can seize, for civil forfeiture, identical property found in the same place where the "guilty" property had been kept. Pursuant to this section, the monies seized need not have been the particular monies traced to the crimes alleged, so long as the criminal funds were on deposit in that same account within one year of the seizure. Thus, Section 984 makes the property seized subject to forfeiture to the extent that monies traced to crime were located in the account in the year preceding the seizure. Accordingly, pursuant to 18 U.S.C. § 984, the monies seized from this account are subject to forfeiture.

## SUMMARY OF RELEVANT FACTS

13.  The facts and circumstances supporting the seizure and forfeiture of the defendant property are set forth in the affidavit of Special Agent J. Blake Carter of the United States Secret

Service, which is attached hereto as Exhibit A, and incorporated in its entirety herein by reference.

## CLAIM FOR RELIEF

14.     The defendant property represents proceeds of a specified unlawful activity (wire fraud in violation of 18 U.S.C. §§ 1343 and 1349) and property involved in and traceable to money laundering (in violation of  18 U.S.C. § 1956(a)(1) and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h)), and therefore the defendant property is subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and (C).

WHEREFORE, the plaintiff respectfully requests:

a.      that the Clerk issue a warrant for the arrest and seizure of the defendant property;

b.      that notice of this action be given to all persons known or thought to have an interest in or right against the property;

c.      that the defendant property be forfeited and condemned to the United States of America;

d.      that the plaintiff be awarded its costs and disbursements in this action; and

e.      for such other and further relief as this Court deems proper and just.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*s/Amy M. Sullivan*
AMY M. SULLIVAN
Assistant U.S. Attorney
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
(502) 582-5911

## VERIFICATION

I, J. Blake Carter, am a Special Agent with the United States Secret Service. I have read the foregoing Verified Complaint for Forfeiture In Rem and swear and affirm that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

J. BLAKE CARTER, Special Agent
United States Secret Service

Subscribed and sworn to before me this 15th day of June, 2023.

Notary Public
Commission Number: KYNP 616.34
My Commission expires: 11/29/2026